IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

GERALD ZACHARY HAMMOND,

        Plaintiff,

v.

DERRICK WARREN and DAN TRIFONE,

        Defendants.

No. 3:20-cv-01086-MO

OPINION AND ORDER

**MOSMAN, J.,**

    Plaintiff Gerald Zachary Hammond, proceeding pro se, filed this lawsuit against Defendants Derrick Warren and Dan Trifone for defamation of character and slander. On July 23, 2020, I granted his application to proceed in forma pauperis. Order [ECF 7]. On September 9, 2020, I ordered Mr. Hammond to comply with the service instructions provided to him by October 9, 2020, or this action would be dismissed without prejudice. Order [ECF 10]. Mr. Hammond has not complied. Instead, he filed a Motion for Appointment of Counsel [ECF 11] and a second application to proceed in forma pauperis [ECF 12].

## DISCUSSION

    I could dismiss this action without prejudice for Mr. Hammond's failure to comply with my prior Order [ECF 10]. However, a bigger problem exists: this court lacks subject-matter jurisdiction. "If the court determines at any time that it lacks subject-matter jurisdiction, the court

1 – OPINION AND ORDER

must dismiss the action." Fed. R. Civ. P. 12(h)(3). Additionally, the court shall dismiss a 28 U.S.C. § 1915 action "at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (explaining that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). Although a pro se litigant should ordinarily be granted an opportunity to amend, the court may dismiss the action if "it is absolutely clear that no amendment can cure the defect." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)).

Federal courts are courts of limited jurisdiction. Jurisdiction may be based on either the presence of a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332. Under 28 U.S.C. § 1331, a district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Under 28 U.S.C. § 1332, a district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and the matter "is between . . . citizens of different States."

Mr. Hammond has sued for defamation of character and slander. As a basis for federal-court jurisdiction, Mr. Hammond claims both federal question and diversity of citizenship. Compl. [ECF 1] at 3. However, Mr. Hammond's civil action does not arise under any federal statute, federal treaty, or provision of the United States Constitution. *Id.* at 3. Moreover, all parties to this suit are citizens of Oregon. *Id.* at 1–4. Thus, this court lacks subject-matter jurisdiction, and I must dismiss the action. Fed. R. Civ. P. 12(h)(3).

//

//

//

2 – OPINION AND ORDER

## CONCLUSION

Because this court lacks subject-matter jurisdiction, I DISMISS this case with prejudice. All pending motions are DENIED as moot.

IT IS SO ORDERED.

DATED this 6th day of November, 2020.

                                                      MICHAEL W. MOSMAN  
                                                      United States District Judge

3 – OPINION AND ORDER